UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| STEVEN MARK DUCA, <br><br> Plaintiff, <br><br> v. <br><br> CHRISTOPHER D. SAILORS and MIKE RUSSELL, <br><br> Defendants. | CAUSE NO. 3:22-CV-914-DRL-JPK |

OPINION AND ORDER

Steven Mark Duca, a prisoner without a lawyer, filed a complaint from the Westville Correctional Facility concerning allegations about when he was detained at the Fulton County Jail awaiting trial. ECF 10. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Duca alleges that Correctional Officer Mike Russell used excessive force against him on April 11, 2021, between 4:00 and 4:30 pm. He alleges that earlier Officer Russell had served him his meal, but some items were missing from his tray. He reported the error via the call box in his cell and to passing staff, but did not receive replacements.

When Officer Russell arrived to collect the trays, Mr. Duca says he bent down to speak to the officer through the meal slot in the cell door. When he told him that he was missing items, Officer Russell reportedly told him to shut up and swung the solid steel food-hatch door directly into his face, damaging his teeth and lips. He also alleges he injured his neck from jerking his head back quickly. Mr. Duca alleges he suffered a concussion, chipped teeth, and a damaged lip.

Because Mr. Duca was a pretrial detainee at the time of these events, his rights arise under the Fourteenth Amendment, not the Eighth Amendment, which applies to a person who has been convicted and sentenced. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). To establish an excessive force claim under the Fourteenth Amendment, the plaintiff must allege that "the force purposefully or knowingly used against him was objectively unreasonable." *Kingsley*, 576 U.S. 396-97. In determining whether force was objectively unreasonable, courts consider such factors as the relationship between the need for force and the amount of force that was used, the extent of any injuries the plaintiff suffered, and the severity of the security problem. *Id.* at 397. Here, Mr. Duca plausibly alleges that Officer Russell used objectively unreasonable force against him.

Mr. Duca additionally alleges that he filed a tort claim notice about the incident in compliance with the Indiana Tort Claims Act (ITCA). *See* Ind. Code § 34-13-3 *et seq.* Under Indiana law, "[a]n actor is subject to liability to another for battery if (a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) a harmful contact with the person

2

of the other directly or indirectly results." *Mullins v. Parkview Hosp., Inc.*, 865 N.E.2d 608, 610 (Ind. 2007) (citing Restatement (Second) of Torts § 13 (1965)). Mr. Duca may not proceed against Officer Russell individually on a state law battery claim because the ITCA prohibits tort suits against government employees personally for conduct within the scope of their employment. *See* Ind. Code § 34-13-3-5(b); *see also Ball v. City of Indianapolis*, 760 F.3d 636, 645 (7th Cir. 2014) ("Under the Indiana Tort Claims Act, there is no remedy against the individual employee so long as he was acting within the scope of his employment."). Here, acts done while retrieving meal trays and fielding inmate complaints are within the scope of a correctional officer's employment. However, "[g]overnmental entities are subject to liability for torts committed by their agencies or employees unless one of the immunity provisions of the [ITCA] applies." *Minks v. Pina*, 709 N.E.2d 379, 382 (Ind. App. Ct. 1999). None of the exceptions in Indiana Code § 34-13-3-3 applies here, so Mr. Duca may proceed against Sheriff Christopher D. Sailors in his official capacity for compensatory damages[1] on a state law battery claim.

Mr. Duca's remaining allegations do not state a claim. He sues Jail Commander Catherine L. Collins, Assistant Jail Commander Marty Ellingher, and Sheriff Christopher D. Sailors, but none can be held responsible under 42 U.S.C. §1983 for the acts of the people they supervise unless they also had some personal involvement in the alleged violation. There is no supervisory liability under § 1983. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir.

---

[1] Punitive damages are not allowed under the ITCA. *See* Ind. Code § 34-13-3-4.

2007). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Moreover, they cannot be held liable for failing to investigate the wrongdoing after it happened. *See Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002) ("[T]he Constitution . . . does not require states to prosecute persons accused of wrongdoing.").

Mr. Duca alleges they are responsible for failing to properly train Officer Russell. "*City of Canton v. Harris,* 489 U.S. 378 (1989), suggests that a failure to train can serve as a basis for municipal liability under Section 1983, but only if that failure is tantamount to 'deliberate indifference' toward the constitutional rights of citizens." *Williams v. Heavener*, 217 F.3d 529, 532 (7th Cir. 2000). Deliberate indifference is a high bar, requiring a plaintiff allege that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Haywood v. Hathaway*, 842 F.3d 1026, 1031 (7th Cir. 2016) (quotation marks omitted). Here, there are no facts to suggest any of these supervisory defendants were aware of a substantial risk that Officer Russell, or any other officer, would use force improperly against the detainees.

Mr. Duca further complains that these supervisory defendants hindered his Fourteenth Amendment rights by not giving him copies of grievances, requests, or medical requests. Mr. Duca has no freestanding constitutional right to these copies. He states that this denial impacted his ability to gain evidence to support his claim. But prison officials violate the Constitution only if they deprive a prisoner of the opportunity

4

to present or prosecute a specific non-frivolous claim. *Lewis v. Casey*, 518 U.S. 343, 353 (1996). The lack of those documents has not prevented Mr. Duca's excessive force claim from proceeding at this stage of the litigation.

Finally, Mr. Duca sues Commander Collins for not taking him to a third-party medical specialist and the jail's medical service provider. However, he provides no information about the medical care he received following the incident. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Without any information about Mr. Duca's medical care, the court is unable to determine whether this could state a claim.

For these reasons, the court:

(1) GRANTS Steven Mark Duca leave to proceed against Officer Mike Russell in his individual capacity for compensatory and punitive damages for using excessive force by slamming the meal slot door into his face on April 11, 2021, in violation of the Fourteenth Amendment;

(2) GRANTS Steven Mark Duca leave to proceed against Sheriff Christopher D. Sailors in his official capacity for compensatory damages for the alleged battery committed by Officer Mike Russell against Steven Mark Duca on April 11, 2021, in violation of Indiana law;

(3) DISMISSES all other claims;

(4) DISMISSES Catherine L. Collins, Marty Ehlinger, and Medical Service;

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer Mike Russell and Sheriff Christopher D. Sailors at Fulton County Jail, with a copy of this order and the complaint (ECF 10);

(6) ORDERS Fulton County Jail to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(7) ORDERS, under 42 U.S.C. § 1997e(g)(2), Officer Mike Russell and Sheriff Christopher D. Sailors to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

April 7, 2023              *s/ Damon R. Leichty*
                           Judge, United States District Court